UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Jose Caban, *et al.*

*Defendants.*

**Protective Order**

**S1 19 Cr. 166 (VEC)**

Upon the application of the United States of America, with the consent of the undersigned counsel on behalf of the Defendants in the above-captioned case (the "Defendants"), and the Defendants having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the Defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (3) has not yet been searched by the Government to determine responsiveness; and (4) is not authorized to be disclosed to the public or others besides the Defendants and their counsel in this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose the disclosure material and sensitive disclosure material without significant delay occasioned by responsiveness or necessary redactions. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material and sensitive disclosure material shall not be disclosed by the Defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site,[1] and shall not disclose any disclosure material or sensitive disclosure material to any third party except as set forth below.

6. Disclosure material may be disclosed by counsel to:

---

[1] This does not prohibit counsel for any defendant from using secure, private web services such as "Drop Box" to store disclosure material or sensitive disclosure material, or to transfer such materials to other authorized recipients.

2

a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b. Prospective witnesses for purposes of defending this action.

c. The Defendants.

7. Sensitive disclosure materials shall be labeled "SENSITIVE" and may be disclosed only to personnel for show conduct counsel is responsible, *i.e.,* personnel employed by or retained by counsel, and the Defendants, subject to the following limitations:

a. The Defendants may review sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

b. The Defendants may not copy or otherwise record sensitive disclosure material; and

c. The Defendants may not keep sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility.

8. Certain highly sensitive disclosure material may be labeled "ATTORNEY'S EYES ONLY" or "AEO" and may be disclosed only to personnel for whose conduct counsel is responsible (not to the Defendants), absent consent of the Government or order of the Court.

9. The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under

3

seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

9. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized—pursuant to warrants issued during the course of the investigation or with the owner's or user's consent—from various computers, cell phones, and other devices and storage media, as well as social media accounts. Such ESI was seized from various cellphones and social media accounts belonging to the Defendants.

10. The Government is authorized to disclose to counsel for the Defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). Seized ESI material shall generally be treated as sensitive disclosure material, absent the Government's consent or order of the Court, and the Defendants may not keep such material or a copy of such material outside the presence of counsel, including in any prison facility.

11. The Defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____  Date: 12/17/19
Jamie Bagliebter
Assistant United States Attorney


_____  Date: _____
Meredith Heller, Esq.
Counsel for Jose Caban


_____  Date: _____
Xavier Donaldson, Esq.
Counsel for Corey Cray


_____, Esq.  Date: _____
Counsel for Isaiah Moss


_____, Esq.  Date: _____
Counsel for Devonaire Price


SO ORDERED:
Dated: New York, New York
       December ____, 2019

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____    Date: _____
    Jamie Bagliebter
    Assistant United States Attorney

_____    Date:  12/17/19
Meredith Heller, Esq.
Counsel for Jose Caban


_____    Date: _____
Xavier Donaldson, Esq.
Counsel for Corey Cray


_____, Esq.    Date: _____
Counsel for Isaiah Moss


_____, Esq.    Date: _____
Counsel for Devonaire Price


SO ORDERED:
Dated: New York, New York
      December ____, 2019

                                      THE HONORABLE VALERIE E. CAPRONI
                                      UNITED STATES DISTRICT JUDGE

Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____        Date: _____
Jamie Bagliebter
Assistant United States Attorney


_____        Date: _____
Meredith Heller, Esq.
Counsel for Jose Caban

_/s/ Xavier Donaldson_____        Date: 1/6/2020
Xavier Donaldson, Esq.
Counsel for Corey Cray


_____, Esq.        Date: _____
Counsel for Isaiah Moss


_____, Esq.        Date: _____
Counsel for _____


SO ORDERED:
Dated: New York, New York
       January 6, 2020

                    THE HONORABLE VALERIE E. CAPRONI
                    UNITED STATES DISTRICT JUDGE

6

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____  Date: _____
Jamie Bagliebter
Assistant United States Attorney


_____  Date: _____
Meredith Heller, Esq.
Counsel for Jose Caban


_____  Date: _____
Xavier Donaldson, Esq.
Counsel for Corey Cray

_Isser J. O'Donovan_, Esq.  Date: 1/7/2020
Counsel for Isaiah Moss


_____, Esq.  Date: _____
Counsel for Devonaire Price


SO ORDERED:
Dated: New York, New York
      ~~December ___, 2019~~
      January 8, 2020

_Valerie Caproni_
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

6